JOURNAL ENTRY AND OPINION
Michael Cobb filed this delayed appeal from his guilty pleas to murder with a firearms specification and robbery. On appeal, he contends the trial court violated Crim.R. 11(C)(2)(a) by failing to explain all of the elements of murder and robbery during his plea hearing. In a supplemental pro se brief, Cobb also claims he received ineffective assistance of counsel. Upon review of the record and applicable law, we have concluded that the trial court substantially complied with Crim.R. 11, and that Cobb failed to establish ineffective assistance of counsel. Accordingly, we affirm the judgment of the trial court.
On August 19, 1997, the grand jury indicted Michael Cobb for three counts of aggravated murder with felony murder and firearm specifications, one count of kidnapping with a firearm specification, and one count of aggravated robbery with a firearm specification. After arraignment and discovery, Cobb entered a guilty plea on January 27, 1998, in accordance with the following plea agreement negotiated with the state: amendment of count one from aggravated murder with felony murder and firearm specifications to murder with a firearm specification, and amendment of count five from aggravated robbery with a firearm specification to robbery. Further, the state agreed to nolle the three remaining counts. On January 27, 1998, Cobb entered a plea of guilty to the charges set forth in the amended indictment.
In a journal entry filed on February 2, 1998, the trial court sentenced Cobb to concurrent prison terms of fifteen years to life for murder and five years for robbery. The trial court also imposed a consecutive three-year sentence for the firearm specification. After obtaining leave from this court pursuant to App.R. 5(A), Cobb instituted this delayed appeal on September 15, 1999, urging his guilty pleas failed to comply with Crim.R. 11. Subsequently, Cobb filed a pro se brief raising two supplemental assignments of error, ineffective assistance of counsel and reiterating his guilty pleas were invalid.
ASSIGNMENT OF ERROR NO. 1:
 THE APPELLANT'S GUILTY PLEAS WERE NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY GIVEN AND VIOLATED CRIM[.]R[.] 11 AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION WHEN THE TRIAL COURT FAILED TO EXPLAIN AND DETERMINE THAT THE APPELLANT UNDERSTOOD THE ELEMENTS OF MURDER AND ROBBERY.
SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 2:
 THE APPELLANT'S GUILTY PLEA WAS INVALID AND HIS DUE PROCESS RIGHTS WERE VIOLATED WHEN THE TRIAL [COURT] FAILED TO FULLY INFORM THE APPELLANT OF THE ELEMENTS OF THE OFFENSES THAT HE PLEAD GUILTY TO IN VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I[,] SECTION 10 OF THE OHIO CONSTITUTION.
In the first assignment of error and in his second supplemental pro se assignment of error, Cobb complains that the trial court did not list the elements of murder and robbery during the plea hearing and, therefore, he maintains that he did not freely and voluntarily enter his guilty pleas.
Crim.R. 11(C)(2)(a) provides:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation. (Emphasis added.)
"In relation to the constitutional rights, Ohio courts have held that strict compliance with the dictates of Crim.R. 11(C) is necessary before it can be determined that the plea was given knowingly." State v. Colbert (1991), 71 Ohio App.3d 734, 737, citing State v. Gibson (1986),34 Ohio App.3d 146. For nonconstitutional rights, however, scrupulous adherence to Crim.R. 11(C) is not required; rather, the trial court must substantially comply with the provisions of Crim.R. 11. See State v. Moore (Jan. 20, 2000), Cuyahoga App. No. 75652, unreported, citing State v. Stewart (1977), 51 Ohio St.2d 86.
In the instant case, the totality of the circumstances demonstrates that Cobb understood the nature of the charges against him. The following dialogue took place during the plea hearing:
MR. KOSKO: * * *
 So the body of the indictment would read then, judge, that the defendant purposely caused the death of another, to wit: John Weeks.
* * *
 The defendant is also going to enter a plea of guilty to Count 5 as amended. He's going to plead guilty to robbery, in violation of 2911.02. I would ask the court to amend the indictment to read as follows: That the defendant, on August 4, 1997, did, in attempting or committing a theft offense as defined in Section 2913.01, or in fleeing immediately after the attempt or offense upon John Weeks, did inflict physical harm upon John Weeks.
* * *
 MR. WALSH: Thanks, Your Honor. What the prosecutor has indicated to the court is also our understanding. We've counseled with our client. We have advised him of all of his constitutional rights. We feel that he understands all of his constitutional rights and from conversations that we have had with him, we feel this plea is entered knowingly, intelligently and he understands the nature of the plea.
* * *
 THE COURT: Did you hear and understand the statements that were just made by the prosecutor and your attorney.
THE DEFENDANT: Yes.
(Tr 4-6.)
After thoroughly informing Cobb of his constitutional rights (Tr. 7-9), the trial court made the following inquiry to the defense attorneys:
 THE COURT: Attorney Walsh, Attorney Taylor, are you satisfied that the defendant understands the nature of the charges and his constitutional rights?
MR. WALSH: Yes, Your Honor.
MR. TAYLOR: Yes, judge.
(Tr. 11.)
Cobb argues on appeal that the trial court must list the elements of offenses in order to substantially comply with Crim.R. 11. However, courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v. Mullins (Dec. 7, 2000), Cuyahoga App. No. 77513, unreported, citing State v. Kavlich (June 15, 2000), Cuyahoga App. No. 77217, unreported, citing State v. Rainey (1982),3 Ohio App.3d 441, 442; State v. Swift (1993), 86 Ohio App.3d 407, 412, State v. Aponte (Mar. 9, 2000), Franklin App. Nos. 99AP-695, 99AP-696, unreported; State v. Burks (Nov. 13, 1997), Cuyahoga App. No. 71904, unreported.
As this court noted in State v. Williams (Nov. 22, 2000), Cuyahoga App. No. 77437, unreported:
 It is clear that the trial court need not inform the defendant of each element of the offense, but rather need only ensure that he understands the charge brought against him. See State v. Rainey (1982), 3 Ohio App.3d 441, 442, 446 N.E.2d 188; State v. Swift (1993), 86 Ohio App.3d 407, 412, 621 N.E.2d 513. The court's determination that a defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney.
As noted by the state, Cobb raises issues in this assignment of error analogous to those in State v. Philpott (Dec. 14, 2000), Cuyahoga App. No. 74392, unreported. In Philpott, this court presumed the defense counsel informed the defendant about the nature of the charges, and absent an indication of confusion on the part of the defendant, this presumption satisfied the requirements of Crim.R. 11(C)(2)(a). Although we are not bound by this unreported case, we believe Philpott to be well-reasoned and persuasive. S.Ct.R.Rep.Op. 2(G)(2).
After a review of the record and applicable law, we have determined that the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(a). Based upon the totality of the circumstances, we conclude Cobb understood the nature of the charges against him. During the plea hearing, the prosecutor listed the elements of murder and robbery on the record and in Cobb's presence. Cobb's attorneys stated that they discussed with their client the nature of the subject charges. Cobb indicated that he understood the statements made by the prosecutor and his counsel. Based upon the foregoing, we overrule Cobb's first assignment of error and second supplemental assignment of error.
SUPPLEMENTAL ASSIGNMENT OF ERROR NO. 1:
 APPELLANT'S GUILTY PLEA WAS INVALID AND UNKNOWINGLY MADE WHERE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BEFORE, AND DURING HIS PLEA PROCEEDINGS IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTION[S].
As for his first supplemental assignment of error, Cobb claims that his attorneys' failure to sufficiently raise the issue of provocation during the plea agreement constituted ineffective assistance of counsel.
To prevail on a claim of ineffective assistance of counsel upon entry of a guilty plea, a defendant must meet the test set forth in Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. See State v. Xie (1992), 62 Ohio St.3d 521, 524. The defendant must first show that counsel's performance was deficient. Id. The defendant must also show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *." Id., quoting Hill v. Lockhart (1985), 474 U.S. 52, 59, 88 L.Ed.2d 203, 106 S.Ct. 366.
The defendant bears the burden of proving ineffectiveness of counsel. State v. McNeill (1998), 83 Ohio St.3d 438, 451. The defendant cannot meet his burden by making bare allegations that find no support in the record. State v. Leek (July 29, 1999), Cuyahoga App. No. 74338, unreported, citing State v. Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, unreported, citing State v. Smith (1985), 17 Ohio St.3d 98.
Here, Cobb failed to satisfy either prong of the Strickland, test as applied to guilty pleas in Hill and Xie. According to Cobb, his attorneys failed to sufficiently raise the issue of provocation and, therefore, left the trial court with no other choice but to accept Cobb's guilty plea. We note that one of the defense attorneys did in fact mention provocation during the plea hearing:
 MR. WALSH: Judge, just very briefly. Obviously we are sorry that this young man's life was lost and Michael has basically expressed that, too, judge. There was some provocation prior to this where there was obviously a tussle and some words were said. * * *
(Tr. 13.) However, the record before us does not establish the issue of provocation as a viable defense to this case, nor does it demonstrate that counsel provided ineffective representation.
Cobb also urges that his counsel failed to advise him of the nature of the charges against him and, in particular, the element of purpose in the murder charge. The record of the plea hearing demonstrates that the prosecutor recited the elements of murder and robbery in Cobb's presence. In addition, Cobb's attorneys indicated that they discussed with him the nature of these charges.
In closing, we note that Cobb also failed to satisfy the second prong of the Strickland test. The record here does not establish a reasonable probability that, but for the action or inaction of counsel, the outcome of the plea proceeding would have been different. Considering the five-count indictment as presented, counsel negotiations resulted in a reduction of two charges and the issuance of a nolle prosequi of the remaining three counts. The record before us does not show a reasonable probability of a different outcome in the absence of this representation. Accordingly, we also overrule Cobb's first supplemental assignment of error and affirm the judgment of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and COLLEEN CONWAY COONEY, J. CONCUR.
 _____________________________ TERRENCE O'DONNELL, JUDGE