JOURNAL ENTRY AND OPINION
In CR-372882, defendant Mike Arafat pleaded guilty to felonious assault and having a weapon while under disability. In CR-374766, defendant pleaded guilty to possession of drugs. The court ordered that defendant serve his sentence in CR-374766 consecutive to that imposed in CR-372882. Defendant now appeals, complaining that (1) his guilty pleas are invalid because he did not understand the nature of the charges against him and (2) that the court failed to make the requisite findings to impose consecutive sentences.
Among the various tasks a court must perform when accepting a guilty plea is determining whether the accused understands the nature of the charges. See Crim.R. 11(C)(2)(a). In Marshall v. Lonberger (1983),459 U.S. 422, the United States Supreme Court quoted Henderson v. Morgan (1976), 426 U.S. 637, 645, fn. 13, for the proposition that a guilty plea will be involuntary where the accused has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. An understanding of the charge does not equate to a detailed recitation of the elements of an offense. In State v. Swift (1993), 86 Ohio App.3d 407, 621 N.E.2d 513, the court of appeals stated:
 The courts of this state have generally held that a detailed recitation of the elements of the charge is not required under Crim.R.
 11(C)(2)(a). * * * The court's determination that the defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney.
Defendant does not explain his lack of comprehension of the offenses to which he pleaded guilty he merely states that his appeal is proof that he did not understand the nature of the charges against him. See Appellant's Brief at 4. This argument failed in State v. Hood (Dec. 16, 1999), Cuyahoga 75214, unreported, and fares no better here. The record shows the state detailed the various counts against defendant. Defense counsel assured the court that he had the opportunity to discuss the matter with defendant and that defendant was fully aware of the rights he would be waiving by entering a guilty plea. Defendant did not raise any questions during the plea colloquy. Under the circumstances, defendant's bare allegation that his appeal proves he did not understand the nature of the charges against him must fail. The first assignment of error is overruled.
Defendant next argues the court erred by running the sentence in CR-374766 consecutive to that imposed in CR-372882.
R.C. 2929.14(E)(4) permits the imposition of consecutive sentences only if the court makes certain findings. First, the trial court must determine that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C.2929.14(E)(3). Second, the trial court must find present at least one factor listed in R.C. 2929.14(E)(4):
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
When imposing consecutive sentences upon an offender, the trial court is required to state the reasons for imposition of such sentences. R.C.2929.19(B)(2)(c); State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
During sentencing, the court justified the consecutive sentences by saying:
 The Court finds the sentences are necessary to protect the public, punish the offender, it is proportionateto the conduct and to the danger [defendant] poses, and the offender's criminal history and conduct shows that consecutive terms are needed to protect the public.
The court's statements on the record fully complied almost word-for-word with R.C. 2929.14(E). Pursuant to R.C. 2929.14(E)(3), the court found consecutive sentences were necessary to protect the public or punish defendant, and that consecutive sentences were proportionate to defendant's conduct and the danger he poses. Pursuant to R.C.2929.14(E)(4)(c), the court found defendant's criminal history showed that consecutive sentences were needed to protect the public. During sentencing, defense counsel acknowledged that the court had granted defendant shock probation a few years back, in addition to some additional breaks by the Court in the interim here. The court responded:
 Now, I have to look back at the fact of your histories; the law requires me to do that. You show a history of criminal convictions. You have been a probation violator in the past, and even though you were a probation violator in the past, I gave you another opportunity to try to prove yourself. Mr. Arafat, you cannot control yourself.
You just cannot control yourself.
Number one, your anger is out of control.
We tried to help you with that. That was no success.
 Number two, you show a total disrespect for me and the justice system. Not only this felonious assault business we have in front of us today, but this is possession of drugs, how could you do that? How could you do that after everything we have done for you?
We find the court fully complied with R.C. 2929.14(E) when imposing consecutive sentences. The second assignment of error is overruled.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., ANNE L. KILBANE, J., CONCUR.
 _____________________________________ JOHN T. PATTON, PRESIDING JUDGE