JOURNAL ENTRY and OPINION
Appellant William Mullins appeals his convictions and sentences upon his guilty pleas to felonious assault, domestic violence, and abduction.[1] Mullins assigns one error for our review.
 WILLIAM MULLINS WAS DENIED HIS CONSTITUTIONAL RIGHT TO A TRIAL, WHEN THE TRIAL COURT ACCEPTED HIS GUILTY PLEAS WITHOUT FIRST VERIFYING THAT HE UNDERSTOOD THE NATURE AND CIRCUMSTANCES OF THE OFFENSES TO WHICH HE WAS PLEADING.
After reviewing the record and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
William Mullins was charged with felonious assault, two counts of domestic violence with prior offense specifications, attempted murder, and abduction. The charges stemmed from an incident in which Mullins beat and choked his wife, Sherry, in front of their two daughters. A plea agreement was reached, and Mullins agreed to plead guilty to felonious assault, one count of domestic violence, and abduction. The State outlined the plea on the record and accurately described the possible penalties for the charges as follows:
 Your Honor, my understanding is that the defendant is going to plead guilty to count one, felonious assault. This, your Honor, is a felony of the second degree, for which the defendant is subjecting himself to a possible term of incarceration of between two and eight years, to be handed out in one-year increments. There is a presumption of incarceration on a felony two under Senate Bill 2.
 There's also a possible fine, I believe, of up to $15,000.
* * *
 [C]ount three * * * is a charge of domestic violence. Because of the furthermore clause, as set forth by a prior conviction in Common Pleas Court from September of `96, it is a felony of the fourth degree, for which the defendant would be subjecting himself to a possible period of incarceration of between six and eighteen months, to be handed out in one-month increments. There's also a possible fine of up to $5,000 on a plea to a felony four.
* * *
 Count five * * * is a charge of abduction. This, your Honor, is a felony of the third degree, for which the defendant is subjecting himself to, again, a possible term of incarceration of between one and five years, to be handed out in one-year increments. There's also a possible fine of up to $10,000 on a plea to a felony of the third degree.
Mullins' trial counsel stated that Mullins was aware of his constitutional rights and of the possible penalties the court may impose upon him. He also stated that Mullins would enter his plea knowingly, intelligently, and voluntarily, and that Mullins understood that his guilty plea may violate the terms of his prior domestic violence conviction.
Addressing Mullins directly, the court repeated the state's explanation of each of the charges outlined in the plea agreement. For each offense, the court told Mullins the degree of the offense, the possible sentence and fine, and whether there was a presumption of prison or community control. The court told Mullins that he could be sent to prison for violating the conditions of community control and receive bad time for any offense committed in prison. The trial court explained that Mullins could receive up to five years of post-release control and that he could be sentenced to prison for violating the conditions of post-release control. Mullins told the court he understood the possible penalties.
The trial court also informed Mullins that, by pleading guilty, he was waiving his constitutional rights to a trial by jury or by a judge, to call witnesses to appear and testify on his behalf, to confront and cross-examine witnesses, to have the state of Ohio prove his guilt beyond a reasonable doubt, to not testify at trial, and to not have his silence used against him. Mullins told the trial court he understood the rights.
In response to questioning by the trial court, Mullins said he received no threats or promises convincing him to plead guilty. He also acknowledged he was currently on probation, and his guilty plea may affect his probation. Aware he could be sentenced immediately after the plea was accepted, he stated he wished to proceed.
Thereafter, Mullins pleaded guilty to felonious assault, domestic violence with a prior conviction specification, and abduction. After a sentencing hearing during which the court heard testimony from Mullins' wife, Sherry, the court sentenced Mullins to consecutive seven year prison terms for felonious assault and a one year prison term for domestic violence, a concurrent three year term for abduction, and a five year term of post-release control. This appeal followed.
In his sole assignment of error, Mullins argues he was denied his constitutional right to a trial when the trial court accepted his guilty pleas without first verifying that he understood the nature and circumstances of the offenses to which he was pleading. Mullins argues the trial court merely "read the names of the offenses" and failed to inform him of the nature and consequences of the offenses to which he pled guilty. We disagree.
Crim.R. 11(C)(2)(a) provides, in pertinent part:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * * determining that the defendant is making the plea voluntarily, with understandingof the nature of the charges and of the maximum penalty involved * * *.
(Emphasis added.)
Crim.R. 11(C) requires a trial court to conduct an oral dialogue with the defendant in order to determine whether the defendant fully comprehends the consequences of his guilty plea. State v. Elswick (Nov. 22, 1995), Cuyahoga App. No. 68731, unreported.
In accepting a plea of guilty, a court need only substantially comply with Crim.R. 11(C). Id. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he waived." State v. Dudley
(Oct. 20, 1995), Trumbull App. No. 93-T-4907, unreported, appeal dismissed (1996), 75 Ohio St.3d 1422, 662 N.E.2d 25, citing State v.Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476.
Our review of the record reveals that the trial court substantially complied with Crim.R. 11(C) when accepting Mullins' guilty plea. As set forth above, Crim.R. 11(C)(2)(a) requires the trial court to determine that the offender understands "the nature of the charges and of the maximum penalty involved."
In State v. Lyke (Aug. 1, 1985), Cuyahoga App. No. 48754, unreported, this court reversed a conviction based upon a guilty plea where the trial court did not explain the elements of the offense and did not ask the offender whether he understood the nature of the charge. Nevertheless, courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v. Kavlich (June 15, 2000), Cuyahoga App. No. 77217, unreported, citing State v. Rainey (1982),3 Ohio App.3d 441, 442, 446 N.E.2d 188, 190; State v. Swift (1993),86 Ohio App.3d 407, 412, 621 N.E.2d 513, 516-517, jurisdictional motion overruled (1993), 67 Ohio St.3d 1410, 615 N.E.2d 1044; State v. Aponte
(Mar. 9, 2000), Franklin App. Nos. 99AP-695, 99AP-696, unreported, appeal dismissed (2000), 89 Ohio St.3d 1426, 729 N.E.2d 1196; State v. Burks
(Nov. 13, 1997), Cuyahoga App. No. 71904, unreported.
In this case, the totality of the circumstances indicates that Mullins understood the charges against him. Before entering his plea, Mullins told the court he understood everything that took place in his case. Mullins stated he was satisfied with his legal representation and was not under the influence of alcohol or drugs. Mullins' attorney told the court that Mullins was aware of his rights and of the possible penalties he faced. Where the record indicates that the offender understands the implications of his plea and the rights he is waiving, substantial compliance is satisfied. State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474, 476.
Moreover, Mullins never indicated to the trial court that he did not understand the nature of the charges against him. In his brief before this court, Mullins did not argue that the court's alleged failure to explain the nature and consequences of his offenses influenced his decision to plead guilty. In order to successfully challenge a guilty plea on the basis that it was not knowingly, voluntarily, and intelligently made, Mullins must show that he would not have pleaded guilty absent the alleged error. Id. See, also, State v. Oldham (Aug. 25, 2000), Cuyahoga App. No. 76611, unreported; State v. Hall (Jun. 29, 2000), Cuyahoga App. No. 76374, unreported.
After reviewing the totality of the circumstances, we conclude that Mullins' guilty plea was knowingly, voluntarily, and intelligently given. Therefore, we overrule his assignment of error and affirm the decision of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and JOSEPH J. NAHRA*, J., CONCUR.
* (SITTING BY ASSIGNMENT: JUDGE JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.)
[1] Mullins also received one year in prison for burglary in a separate case.