JOURNAL ENTRY AND OPINION
This appeal stems from defendant-appellant John Mancini's (Defendant) guilty pleas entered in Parma Municipal Court. On February 26, 1999, the defendant plead guilty to one count of theft in violation of R.C.2913.02, one count of assault in violation of 2903.13, and two counts of criminal mischief a violation of R.C. 2909.07. The remaining counts for criminal mischief and disorderly conduct were dismissed. On March 30, 1999, the defendant filed a pro se appeal urging reversal on the alleged basis that he appeared at trial unrepresented through an unknowing and unintelligent waiver of his right to counsel. On August 1, 2001, the Ohio Public Defender filed a brief on behalf of the defendant urging reversal on a different ground that the trial court erred in accepting guilty pleas without first explaining the elements of each charged offense to the defendant. For the reasons that follow, both assigned errors are without merit and we affirm the judgment of the lower court.
Defendant's pro se brief assigns a single error for our review, which states:
 I. APPELLANT WAS DENIED DUE PROCESS AND THE EQUAL PROTECTION OF THE LAW WHEN THE TRIAL COURT FAILED TO ADVISE HIM OF HIS RIGHT TO COUNSEL WHEN HE APPEARED UNREPRESENTED AT TRIAL, AND APPELLANT DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL, BUT WAS STILL SENTENCED TO A TERM OF IMPRISONMENT.
The defendant's claim that he was unrepresented at the time he entered his guilty pleas in this case is not supported by the record. The record clearly denotes the appearance of counsel on behalf of the defendant. (Tr. 1). The court greets defense counsel at the outset of the hearing. (Tr. 2). The Magistrate indicates to the court that the defendant, acting through his attorney, desired to withdraw his previous plea of not guilty. (Tr. 2-3). In fact, in response to the court's inquiry as to whether his attorney had gone over all his constitutional rights, including his right to understand the charges placed against him and to know the charges, the defendant explicitly confirmed [y]es, he has. (Tr. 3). The defendant subsequently reconfirmed that he had spoken with his attorney in connection with his waiver of constitutional rights. (Tr. 4). Accordingly, this assignment of error is overruled.
The brief filed on defendant's behalf by the Ohio Public Defender assigns a single error for our review, which states:
 I. THE TRIAL COURT ERRED BY ACCEPTING PLEAS OF GUILTY WITHOUT FIRST DETERMINING THAT APPELLANT UNDERSTOOD THE NATURE OF THE CHARGES AS REQUIRED BY CRIM.R. 11(C)(2)(a), ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
Defendant concedes that both the Magistrate and the trial judge explained the defendant's constitutional rights, the possible pleas, and the possible maximum sentences that could be imposed for each of the four offenses to which the defendant plead guilty. As set forth above and derived from the record, the defendant represented to the court that he had gone over with his attorney all of his constitutional rights, including his right to understand and know the charges placed against him. Ibid. In addition, the court independently reviewed with the defendant each of the offenses, the pertinent statutory provisions, and the possible sentences for each violation. (Tr. 2-11). At no point did the defendant indicate or suggest that he did not understand the nature of the charges against him. Notwithstanding, the defendant now contends that he could not possibly understand the nature of the charges, as required by Crim.R. 11(C)(2)(1), without an itemization by the court of the elements of each offense. We disagree.
Crim.R. 11(C)(2)(a) provides in pertinent part as follows:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * *
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved * * *.
It is well settled that a court need only substantially comply with Crim.R. 11(C) when accepting a guilty plea. State v. Mullins (Dec. 7, 2000), Cuyahoga App. No. 77513, unreported, citing State v. Elswick (Nov. 22, 1995), Cuyahoga App. No. 68731, unreported. `Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he waived.' Mullins, supra, quoting State v. Dudley (Oct. 20, 1995), Trumbull App. No. 93-T-4907, unreported [other citations omitted].
We have repeatedly held that courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v. Cobb (Mar. 8, 2001), Cuyahoga App. No. 76950, unreported, citing State v. Mullins, supra, citing State v. Kavlich (June 15, 2000), Cuyahoga App. No. 77217, unreported, citing State v. Rainey (1982),3 Ohio App.3d 441, 442; State v. Swift (1993), 86 Ohio App.3d 407, 412; State v. Aponte (Mar. 9, 2000), Franklin App. Nos. 99AP-695, 99AP-696, unreported; State v. Burks (Nov. 13, 1997), Cuyahoga App. No. 71904, unreported.
The totality of the circumstances indicates that the defendant understood the charges against him. Before entering his pleas, he twice confirmed that he had spoken with his attorney and had gone over his constitutional rights and knew and understood the charges. The court further reviewed the charges with the defendant, together with the possible sentences. The Magistrate also indicated on the record that prior to accepting the defendant's original pleas of not guilty, he had also explained to the defendant, in open court, the constitutional rights, the five possible pleas and the possible maximum sentences and that the defendant indicated to him, in open court, an understanding of the pleas, possible sentences and his constitutional rights. There is no indication that defendant did not understand the nature of the theft, criminal mischief and assault charges against him. Accordingly, this assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and ANN DYKE, J., CONCUR.