JOURNAL ENTRY and OPINION
Defendant-appellant Kelly Prettyman appeals from her guilty plea to child endangering (R.C. 2919.22) and the maximum sentence imposed by the trial court. We find no merit to the appeal and affirm.
Prettyman was indicted for attempted murder, felonious assault, rape and child endangering, all of which contained a sexual motivation specification. The charges arose out of the severe abuse sustained by her daughter who was less than three years old. The child's pelvis was fractured, her bowel was perforated, and she had bruises all over her body and lacerations on her feet.
On May 8, 2000, Prettyman entered a guilty plea to child endangering and the remaining counts were nolled. After hearing statements by Prettyman and her co-defendant, Steven Thomas, along with the testimony of several detectives who had worked on the case, the trial court sentenced Prettyman to the maximum sentence of eight years incarceration.
On March 14, 2001, this court granted her motion for a delayed appeal. She raises two assignments of error for review.[1]
 I. WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE APPELLANT'S GUILTY PLEA WHERE THE RECORD REFLECTS THAT THE APPELLANT LACKED THE NECESSARY STATE OF MIND TO KNOWINGLY AND VOLUNTARILY ENTER A PLEA.
Prettyman contends that her plea was not knowingly or voluntarily entered because at the time she entered her plea she was emotionally distressed and denied that she was the one who had abused the child.
A review of the record indicates that the trial court complied with the requirements of Crim.R. 11(C), and Prettyman stated that she understood the rights she was waiving. Although she was apparently visibly upset, the trial court did recess in an attempt to allow her an opportunity to control her emotions. After the recess, she continued to be emotional. The court therefore had the following conversation with Prettyman and her counsel:
 Court: I wouldn't call it hysterical, but she is crying. There is a constant flow of tears going on. And I just want her full attention because it is going to affect her so much.
 Counsel: What I am saying is no matter how many times you bring her back here you will find her in that condition. When she discusses this case that's the condition that she gets in.
 I have had numerous conversations with her, however, when she has been lucid. In fact, this morning we had about a ten minute conversation where she was lucid.
 Court: I am not saying that she isn't lucid. She just appears upset. Very upset.
* * *
 You don't appear to be on drugs or anything. I just want to make sure you know what you are doing. This is a big decision. I mean, your attorney is an experienced guy and everything, but you are the only one who can make the decision. They just make recommendations. You follow it or you don't follow it. That's all up to you. You got to do the time, as they say, not the attorney. So do you understand what you are doing, Ms. Prettyman?
Prettyman: Yes, sir.
(TR. 13-15).
After ascertaining that Prettyman understood the importance of the proceedings and that she understood what was occurring, the court accepted her plea. There was no indication that she was confused or misunderstood the proceedings.
The presumption that a defendant is competent is only rebutted by showing that the criminal defendant was unable to understand the nature of the proceedings and could not assist in his or her defense. State v.Swift (1993), 86 Ohio App.3d 407, 411. "A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and assisting counsel." State v. Bock (1986),28 Ohio St.3d 108, 110. Therefore, a defendant's emotional or mental instability does not establish incompetence for the purpose of negating a plea, which was otherwise voluntarily, knowingly, and intelligently made.State v. Swift, supra at 411.
The record demonstrates that the trial court complied with Crim.R. 11(C) in explaining to Prettyman the rights she was waiving and the consequences of her plea. Prettyman indicated that she understood. Therefore, her emotional state did not affect her capability of entering a voluntary, knowing, and intelligent plea.
As for Prettyman maintaining she did not abuse her daughter, she did not make these statements until after the trial court accepted her plea. Therefore, the trial court was not required to conduct further proceedings to determine whether the plea was in her best interest pursuant to North Carolina v. Alford (1970), 440 U.S. 25. See, State v.Hunter (Feb. 5, 1996), Cuyahoga App. Nos. 68447-68451, 69306, unreported.
Furthermore, Prettyman's assertion that she did not commit the abuse did not negate the voluntariness of her plea. As the court recognized in State v. Padgett (1990), 67 Ohio App.3d 332, 337:
 A defendant who believes himself innocent may rationally conclude that the evidence against him is so incriminating that there is a significant chance that a jury would find him guilty of the offense with which he is charged. A defendant in this position may rationally conclude that accepting a plea bargain is in his best interests, since he will avoid the risk of greater punishment if a jury should find him guilty.
The first assignment of error is overruled.
 II. WHETHER THE APPELLANT HAS BEEN DEPRIVED OF HER LIBERTY WITHOUT DUE PROCESS OF LAW BY THE SENTENCE IMPOSED IN THE WITHIN CASE WHERE THE SENTENCE DID NOT COMPORT WITH OHIO'S NEW SENTENCING SCHEME.
Prettyman argues the trial court did not enter the requisite findings in imposing the maximum sentence. She was sentenced to eight years for child endangerment pursuant to R.C. 2919.22, a second degree felony. She had not previously served a prison term.
Prettyman argues that the trial court erred in imposing a prison sentence for her felony conviction instead of a community control sanction, without first considering the factors pursuant to R.C. 2929.12
regarding the seriousness of her conduct and likelihood of recidivism. The trial court, however, did not have to consider these factors since there was a statutory presumption in favor of a prison term pursuant to R.C. 2929.13(D), because she was convicted of a second degree felony.
Prettyman also challenges the trial court's sentencing her to more than the minimum sentence without making the requisite findings pursuant to R.C. 2929.14(B), and to imposing the maximum sentence without making the requisite findings pursuant to R.C. 2929.14(C).
This court has expressly held that R.C. 2929.19(B) does not apply when a maximum sentence is imposed pursuant to R.C. 2929.14(C), because the explicit language of R.C. 2929.14(B) excludes maximum sentences. Statev. Berry (June 14, 2001), Cuyahoga App. No. 78187, unreported; State v.Gladden (Jan. 4. 2001), Cuyahoga App. No. 76908, unreported; State v.Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported. Because the court in the instant case imposed the maximum sentence, it was not required to make findings pursuant to R.C. 2929.14(B).
In imposing the maximum sentence, the trial court was required to make a finding that Prettyman fit within one of the categories set forth in R.C. 2929.14(C) and to give its reasons for its finding. State v.Edmonson (1999), 86 Ohio St.3d 324. On the record, the trial court stated that the case constituted the "most serious type of offense within the category of endangering children" and supported this statement by finding that the child was "horribly abused" and was a "helpless child at their mercy." The trial court in its journal entry also found that "this Court further finds that this is the worst form of this offense within F-2 endangering children category." Therefore, based on the record before us, the trial court adequately complied with R.C. 2929.14(C) in imposing the maximum sentence.
The second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and MICHAEL J. CORRIGAN, J. CONCUR.
[1] Prettyman failed to file a motion to withdraw her guilty plea with the trial court. However, this court in State v. Corbin (2001),141 Ohio App.3d 381, 385, fn. 2, found that the Ohio Supreme Court has imposed no such requirement before an appellant can file an appeal from a guilty plea.