JOURNAL ENTRY AND OPINION
{¶ 1} Defendant James Carpenter pleaded guilty to one count of aggravated burglary and one count of aggravated robbery. Each count carried a one-year firearm specification. In this appeal, he argues that the court failed to ensure that he entered his guilty plea with an understanding of the nature of the charge. He maintains that the court merely explained the offenses with which he was charged, and that explanation was insufficient under Crim.R. 11.
 {¶ 2} Crim.R. 11(C)(2)(a) requires the court to satisfy itself that the accused understands the nature of a charge before pleading guilty. The term "nature of the charge" is not defined in the Rules of Criminal Procedure, but we have never interpreted that phrase to require the court to inform the accused of the actual elements of the charged offense. See State v. Rainey (1982), 3 Ohio App.3d 441, 442. Indeed, that proposition has been repeatedly rejected. See State v. Krcal, Cuyahoga App. No. 80061, 2002-Ohio-3636, at ¶ 25 (collecting cases). Instead, we look to the circumstances of the case to determine whether the accused understood the charge. State v. Swift (1993), 86 Ohio App.3d 407, 412.
 {¶ 3} Nothing in the record shows that Carpenter did not understand the nature of the charges to which he pleaded guilty. In fact, the court specifically asked Carpenter "do you understand the offenses, aggravated robbery and aggravated burglary?" Carpenter replied affirmatively, and with the absence of any evidence to the contrary, Carpenter's affirmative reply leaves no doubt that he understood the nature of the charges against him. The assigned error is overruled.
Judgment affirmed.
PATRICIA A. BLACKMON, J., CONCURS IN JUDGMENT ONLY.
 ANNE L. KILBANE, J., DISSENTS WITH SEPARATE OPINION.