ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral arguments of counsel.
 {¶ 2} Defendant-appellant Dee Waller ("appellant") appeals from the sentence imposed by the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I {¶ 3} Appellant was indicted on May 1, 2003 by the Cuyahoga County Grand Jury in a four-count indictment. Appellant was indicted on rape in violation of R.C. 2907.02, kidnapping in violation of R.C. 2905.01, gross sexual imposition in violation of R.C. 2907.05, and sexual battery in violation of R.C. 2907.03.
 {¶ 4} As a result of plea negotiations, on August 27, 2003, appellant pled guilty to an amended count four, sexual battery, and, in exchange, all remaining counts were nolled. The trial judge took the plea, and both attorneys for appellant and appellee represented to the court that they were satisfied with Crim.R. 11 compliance. The trial court then proceeded to hold a combined sentencing hearing and a hearing to determine if appellant should be classified as a sexually oriented offender. Appellant was subsequently classified as a sexually oriented offender and sentenced to a three-year term with five years of post-release control. Appellant then filed his appeal with this court, stating that his plea was not made knowingly, willingly or intelligently.
 II {¶ 5} Appellant's assignment of error states the following: "The proceedings below were defective in that the court erred in accepting a plea which was neither knowingly, willingly nor intelligently made in violation of Crim.R. 11 and defendant's constitutional rights."
 {¶ 6} Crim.R. 11(C)(2) governs pleas and states the following:
{¶ 7} "(C) Pleas of guilty and no contest in felony cases.
 {¶ 8} (2) In felony cases the court may refuse to accept aplea of guilty or a plea of no contest, and shall not accept aplea of guilty or no contest without first addressing thedefendant personally and doing all of the following:
 {¶ 9} Determining that the defendant is making the pleavoluntarily, with understanding of the nature of the charges andof the maximum penalty involved, and, if applicable, that thedefendant is not eligible for probation or for the imposition ofcommunity control sanctions at the sentencing hearing.
 {¶ 10} Informing the defendant of and determining that thedefendant understands the effect of the plea of guilty or nocontest, and that the court, upon acceptance of the plea, mayproceed with judgment and sentence.
 {¶ 11} Informing the defendant and determining that thedefendant understands that by the plea the defendant is waivingthe rights to jury trial, to confront witnesses against him orher, to have compulsory process for obtaining witnesses in thedefendant's favor, and to require the state to prove thedefendant's guilt beyond a reasonable doubt at a trial at whichthe defendant cannot be compelled to testify against himself orherself."
 {¶ 12} Crim.R. 11(C) requires a trial court to conduct an oral dialogue with the defendant to determine whether the defendant fully comprehends the consequences of his guilty plea.State v. Elswick, Cuyahoga App. No. 68731, 1995-Ohio-5221.
 {¶ 13} In accepting a plea of guilty, a court need only substantially comply with Crim.R. 11(C). Id. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he waived." State v. Dudley, Trumbull App. No. 93-T-4907, 1995-Ohio-4624, appeal dismissed (1996),75 Ohio St.3d 1422, citing State v. Nero (1990), 56 Ohio St.3d 106,108.
 {¶ 14} Furthermore, courts are not required to explain the elements of each offense, or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v. Kavlich, Cuyahoga App. No. 77217, 2000-Ohio-2648, citing State v. Rainey (1982),3 Ohio App.3d 441, 442; State v. Swift (1993), 86 Ohio App.3d 407, 412, jurisdictional motion overruled (1993), 67 Ohio St.3d 1410;State v. Burks, Cuyahoga App. No. 71904, 1997-Ohio-5092.
 {¶ 15} It is with the above standards in mind that we now review the case at bar. The totality of the circumstances indicates that the appellant understood the charges against him. The evidence demonstrates that the appellant understood the implications of his plea and the rights he waived.
 {¶ 16} In the instant case, appellant's counsel informed the trial court that appellant had knowingly, voluntarily andintelligently tendered his guilty plea to the fourthcount,[1] after which, the trial court immediately asked the defendant if he had any questions.[2] Appellant asked if there were any programs available and made a brief statement. The court then proceeded to advise appellant of his constitutional rights.[3]
 {¶ 17} The court advised the appellant of the charge to which he would be pleading guilty. In addition, the court further informed appellant of the fact that a sexual classification hearing would be required and he may have to register as a sex offender.[4]
 {¶ 18} The court advised appellant that he was pleading guilty to sexual battery. The court then informed appellant that sexual battery is a third-degree felony with certain penalties. Appellant then replied that he understood the penalties. The exchange between the trial judge and appellant went as follows: "And the penalties you face, should you plead guilty to a felony of the third degree, is community-controlled sanctions or incarceration in prison anywhere from 1, 2, 3, 4, up to 5 years in prison, and you face up to a $10,000 fine. Do you understand that? The Defendant: Yes, ma'am."[5] The court then went on to explain post-release control supervision and the repercussions should appellant fail to meet the terms and conditions required.[6]
 {¶ 19} After explaining the penalties he would face, the court asked appellant if he still wished to waive his constitutional rights and enter a plea of guilty, to which appellant replied affirmatively.[7] After appellant entered his guilty plea, the trial court went ahead and dismissed the rape, kidnapping, and gross sexual imposition counts against appellant.[8]
 {¶ 20} In addition to the above, the trial court asked the appellant if he was satisfied with the representation he received, to which appellant responded: "He did a nice job, ma'am." The court went on to ask appellant if that was a yes and appellant responded "Yes, ma'am."[9]
 {¶ 21} Based on the above, there is ample evidence in the record to support the conclusion that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he waived. Furthermore, we find that the proceedings were not defective, and appellant's plea was knowingly, willingly and intelligently made in compliance with Crim.R. 11 and appellant's constitutional rights.
 {¶ 22} Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Dyke, P.J., and Celebrezze, Jr., J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Tr. at 5. Appellant's counsel, Mr. Stanard, stated the following: "* * * It's my assertion to the Court that as this defendant tenders a guilty plea to this fourth count, he does soknowingly, voluntarily and intelligently, and at the appropriate time, we wish to be heard as to sentencing." (Emphasis added.)
[2] Tr. at 5. "The Court: Do you have any questions, Dee Waller?"
[3] Tr. at 6-7.
[4] {¶ a} Tr. at 8.
{¶ b} "The Court: You will be pleading guilty to Count 4 as charged, which is — as amended, which is, on or about March 18th, 2003, you did so engage in sexual conduct with [D.C.], whose birthday is February 3, 1989, who was not your spouse, knowing that [D.C.] submitted because he was unaware that the act was being committed, and that is a sexual battery, a felony of the third degree. Do you understand that?
{¶ c} The Defendant: Yes, Ma'am.
{¶ d} The Court: Do you understand that if you plead guilty to a charge of sexual battery, a felony of the third degree, that I'll be required to hold a hearing to determine whether you are a sexual predator, a habitual sex offender, or a sexually oriented offender?
{¶ e} The Defendant: Yes, ma'am.
{¶ f} The Court: Do you understand that if the Court finds that you fall into one or more of these categories, then you will be required to appear in person to register your name and residence address with the county sheriff as being such a sex offender?
{¶ g} The Defendant: Yes, ma'am."
[5] Tr. at 9-10.
[6] Tr. at 10-11.
[7] Tr. at 11.
[8] Tr. at 12.
[9] Tr. at 6.