[Cite as *State v. Taylor*, 2024-Ohio-5034.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-24-1024

      Appellee                                     Trial Court No.  CR0202302265

v.

Ahmad Taylor                                        **DECISION AND JUDGMENT**

      Appellant                                    Decided: October 18, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant Ahmad Taylor appeals the judgment of the Lucas County Court of Common Pleas, convicting him following a guilty plea to one count of burglary and one count of domestic violence.  For the reasons that follow, the trial court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} On August 17, 2023, the Lucas County Grand Jury indicted Taylor on one count of burglary in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree, and one count of domestic violence in violation of R.C. 2919.25(A), (D)(1), and (D)(2), a misdemeanor of the first degree, stemming from his conduct on August 13, 2023.

{¶ 3} Taylor entered an initial plea of not guilty, and the matter proceeded through pretrial discovery. On December 28, 2023, Taylor withdrew his initial plea and entered a plea of guilty to the lesser-included count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, and to the count of domestic violence.

{¶ 4} Prior to accepting his plea, the trial court conducted a plea colloquy during which Taylor affirmed that he understood "that by entering a plea of guilty you are making a complete admission to the allegations contained in the lesser included charge of burglary and Count 2 Domestic Violence." It then ensured that Taylor understood the potential penalties he was facing by pleading guilty. Finally, it confirmed that he understood the constitutional rights that he was waiving. When asked why he was entering guilty pleas, Taylor answered, "I just want to take accountability for my actions." Defense counsel then informed the court that he had ample time to review the plea form with Taylor prior to the case being called, and it was counsel's belief that he was entering the plea knowingly, intelligently, and voluntarily. Taylor was then given an additional opportunity to ask any questions regarding the plea he was entering but stated

2.

that he had no questions. At no time did the State present, nor were there any discussions about, the facts that would have been shown had the matter proceeded to trial.

{¶ 5} Following this, the trial court found that Taylor "has been informed of all his Constitutional rights, that he understands the nature of these charges, the effects of his pleas as well as the penalties that could be imposed and that he has made a knowing and intelligent and voluntary decision to withdraw his former pleas of not guilty and tender pleas of guilty." The trial court accepted Taylor's pleas, found him guilty, set the matter for sentencing, and ordered a presentence investigation report.

{¶ 6} At sentencing, counsel for Taylor argued for community control and his client's placement in a treatment facility to receive the mental health and substance abuse services that he needs. The trial court, however, considering Taylor's criminal history—which included having served ten years in prison for manslaughter—, risk of recidivism, the impact on the victim, and the circumstances of the offenses, ordered Taylor to serve the maximum three years in prison on the count of burglary. The trial court also imposed a 180-day sentence on the count of domestic violence, to be served concurrently.

## II. Assignments of Error

{¶ 7} Taylor timely appeals his judgment of conviction, asserting two assignments of error for review:

1. The trial court erred in accepting Appellant's guilty plea in violation of Crim.R. 11 and due process guarantees under the State and federal Constitutions, without a statement of facts in the record.

3.

2.  The sentence imposed here was not supported by clear and convincing evidence on the record, and is therefore subject to review pursuant to R.C. 2953.08(G)(2).

### III. Analysis

### A. Knowing, Intelligent, and Voluntary Plea

**{¶ 8}** In his first assignment of error, Taylor argues that the trial court failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it determine that he was making the plea "voluntarily, with understanding of the nature of the charges and the maximum penalty involved."

**{¶ 9}** "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.*

**{¶ 10}** "The purpose of Crim.R. 11(C) is to ensure that the defendant has sufficient information to allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty." *State v. Duhart*, 2017-Ohio-7983, ¶ 8 (6th Dist.), citing *State v. Rinehart*, 2013-Ohio-3372, ¶ 17-18 (6th Dist.). "With respect to constitutional rights, a trial court must strictly comply with Crim.R. 11(C) and must explain those rights in a manner reasonably intelligent to the defendant." *Id.* "With respect to nonconstitutional rights, the trial court must substantially comply with Crim.R.

4.

11(C)." *Id.* "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 11} "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *State v. Fitzpatrick*, 2004-Ohio-3167, ¶ 56, citing *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). "In determining whether a defendant understood the charge, a court should examine the totality of the circumstances." *Id.*, citing *Henderson* at 644.

{¶ 12} In this case, Taylor challenges only his understanding of the nature of the charges. He contends that understanding the nature of the charges requires a recitation of at least some facts on the record. Thus, he asserts that because no facts were recited, the trial court erred in accepting his plea.

{¶ 13} The Ohio Supreme Court, however, has recognized that "[t]he courts of this state have generally held that a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a)." *Fitzpatrick* at ¶ 57, quoting *State v. Swift*, 86 Ohio App.3d 407, 412 (11th Dist.). "Moreover, the Constitution does not require that a trial court explain the elements of the charge, at least where the record contains a representation by defense counsel that the nature of the offense has been explained to the accused." *Id.*, citing *Henderson* at 647. "[T]he case law makes clear that the trial court

5.

was not obligated to recite the elements or explain the facts supporting each offense in order to render [the defendant's] plea 'knowing' and 'voluntary.'" *Duhart*, 2017-Ohio-7983, at ¶ 10.

{¶ 14} Here, the record shows that Taylor understood the nature of the charges against him. He requested discovery through the pretrial process, even applying and being approved for funds to hire a criminal investigator. At the plea hearing, he affirmed that he was admitting to the allegations contained in the lesser-included charge of burglary and the charge of domestic violence, stating that he wanted to take accountability for his actions. Defense counsel then confirmed that he had ample time to review the plea form with Taylor, and he believed Taylor was entering the pleas knowingly, intelligently, and voluntarily. Further, the signed plea form itself states that "The charges have been explained to me by my attorney and the Court. I understand the nature of the charges and the possible defenses I might have." Finally, Taylor was given an opportunity to ask any questions and stated that he had none.

{¶ 15} Therefore, the trial court substantially complied with Crim.R. 11(C)(2)(a) and determined that Taylor made the plea voluntarily and with an understanding of the nature of the charges.

{¶ 16} Accordingly, Taylor's first assignment of error is not well-taken.

## B. Sentence

{¶ 17} In his second assignment of error, Taylor argues that his sentence is not supported by clear and convincing evidence on the record. Specifically, he argues that

6.

without a statement of facts on the record at the plea hearing, the imposition of a maximum sentence was not supported when the presentence investigation report found him eligible for placement in a treatment facility and there is reason to believe that he has mental health and substance abuse issues that would benefit from treatment.

{¶ 18} This court reviews felony sentences under R.C. 2953.08(G)(2), which provides,

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>    (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>    (b) That the sentence is otherwise contrary to law.

{¶ 19} Here, Taylor does not argue that the record does not support the trial court's statutory findings under R.C. 2953.08(G)(2)(a), nor does he argue that his sentence is otherwise contrary to law under R.C. 2953.08(G)(2)(b). Instead, he simply asserts that it is not warranted under the facts of the case, which he fails to acknowledge are detailed in the presentence investigation report. Effectively, Taylor asks this court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12, which R.C. 2953.08(G)(2) does not permit. *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.); *State v. Jones*, 2020-Ohio-6729, ¶ 42. Assignments of error based only on

7.

the trial court's consideration of the factors in R.C. 2929.11 and 2929.12 may be summarily disposed.  *State v. Eames*, 2024-Ohio-183, ¶ 10.

{¶ 20} Accordingly, Taylor's second assignment of error is not well-taken.

### IV. Conclusion

{¶ 21} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed.  Taylor is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____
                                           JUDGE
Gene A. Zmuda, J.           

                                         _____
Charles E. Sulek, P.J.                                JUDGE
CONCUR.

                                         _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.