[Cite as *State v. Robinette*, 2015-Ohio-4869.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-255<br>(C.P.C. No. 14CR-4026) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| James Robinette, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on November 24, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Thomas A. Gjostein*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, P.J.

{¶ 1} This is an appeal by defendant-appellant, James Robinette, from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following his entry of a guilty plea to operating a vehicle under the influence of alcohol.

{¶ 2} On July 30, 2014, appellant was indicted on one count of operating a vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19; the indictment charged a felony of the fourth degree, alleging that appellant had been convicted of or pleaded guilty to three or more violations of R.C. 4511.19(A) or (B) within six years of the instant offense. On September 8, 2014, appellant entered a plea of not guilty.

{¶ 3} On January 15, 2015, appellant appeared before the trial court and withdrew his not guilty plea and entered a plea of guilty to the OVI charge. During the plea hearing, the prosecutor gave the following recitation of facts:

> [T]his incident occurred back on June 12, 2014, approximately 2:00 in the morning. A Deputy Sheriff for Franklin County observed a vehicle speeding. When he turned his attention to it, he noticed that it had trouble staying within its lane and looked like he had trouble controlling the vehicle.
>
> The officer stopped the vehicle and came in contact with the driver, who was Mr. Robinette. He had bloodshot, glassy eyes and slurred speech. He asked him to step out of the vehicle and walk to the back. As he did so, he was very unsteady on his feet. He actually fell down at one point, actually looked at the officer and said, "Boy, I'm drunk."
>
> The officer asked him to perform a field sobriety test; he refused, saying he wouldn't pass them anyway. He asked him for a test of his urine and he refused to submit to that.
>
> He was placed under arrest for the OVI, charged as a felony because he has three priors within a six-year period * * * making this a fourth offense within a six-year period.

(Tr. 14-15.)

{¶ 4} The trial court, after conducting a colloquy with appellant, accepted his guilty plea. By judgment entry filed March 6, 2015, the court imposed a sentence of 24 months incarceration, and suspended appellant's driver's license for a period of 60 months.

{¶ 5} On appeal, appellant raises the following two assignments of error for this court's review:

> [I.] THE TRIAL COURT ERRED WHEN IT DID NOT COMPLY WITH CRIM. R. 11, FOR FAILURE TO DETERMINE THAT THE APPELLANT UNDERSTOOD THE NATURE AND ELEMENTS OF THE CHARGE AGAINST HIM.
>
> [II.] TRIAL COUNSEL WAS RENDERED INEFFECTIVE FOR FAILING TO OBJECT TO THE DEFECT IN THE INDICTMENT, WHICH FAILED TO STATE THAT

APPELLANT HAD REFUSED A URINE TEST AND THIS FAILURE TO OBJECT WAS PLAIN ERROR.

{¶ 6} Under the first assignment of error, appellant asserts that his plea was invalid because the trial court did not strictly comply with Crim.R. 11. Specifically, appellant contends the court failed to determine whether he understood the nature and elements of the charges against him.

{¶ 7} Crim.R. 11(C)(2) states as follows:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 8} Prior to accepting a guilty plea in a felony case, a trial court, pursuant to Crim.R. 11(C), "must conduct an oral dialogue with the defendant to determine that the plea is voluntary and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he is waiving by entering a guilty plea." *State v. Kaminski,* 8th Dist. No. 93744, 2010-Ohio-4669, ¶ 2. A trial court is required to "strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, meaning the court

must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them." *Id.* at ¶ 3.  By contrast, "[w]ith respect to the other requirements of Crim.R. 11(C)(2) regarding nonconstitutional rights, 'substantial compliance' is sufficient." *Id.*  The term " '[s]ubstantial compliance' means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*  Further, a defendant challenging his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made "must demonstrate a prejudicial effect of which the test is whether the plea would have otherwise been made." *State v. Scarnati,* 11th Dist. No. 2001-P-0063 (Feb. 22, 2002).

{¶ 9}   During the plea hearing in the instant case, the colloquy between the trial court and appellant included the following dialogue:

> THE COURT:  All right.  And today, the entry of guilty plea form in this case, did your counsel read that to you, then?
>
> THE DEFENDANT:  Yes, he did.
>
> THE COURT:  * * * And did you have any problems understanding what he read to you?
>
> THE DEFENDANT:  No.
>
> * * *
>
> THE COURT:  Have you had an opportunity to talk with your attorney about the charges against you?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And was he able to answer any questions you may have had about those charges?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Do you feel that you understand the charges against you?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:   Are you satisfied with your attorney's representation?

THE DEFENDANT: Yeah.

* * *

THE COURT: Okay. I have in front of me that entry of guilty plea form. * * * Did you sign this form?

THE DEFENDANT: Yes, I did.

THE COURT: And before you signed it you had an opportunity to go over it with your attorney, right?

THE DEFENDANT: Yeah.

THE COURT: And was he able to answer any questions you may have had about the form?

THE DEFENDANT: Yeah, he has, yeah.

(Tr. 5-8.)

{¶ 10} During the plea hearing, the trial court also addressed the constitutional rights appellant was waiving by pleading guilty, and appellant responded affirmatively when the court inquired whether he wished to "waive or give up those constitutional trial rights." (Tr. 13.) Further, the trial court questioned defense counsel as to whether he was satisfied with "your client's decision to waive his constitutional trial rights." Counsel responded: "I am, your Honor." (Tr. 13.)

{¶ 11} As noted, appellant contends the trial court failed to determine whether he understood the nature of the charges against him. Specifically, appellant contends the trial court erred in failing to ensure he understood the elements of OVI.

{¶ 12} Under Ohio law, however, "courts are not required to explain the elements of each offense, or even to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges." *State v. Cobb,* 8th Dist. No. 76950 (Mar. 8, 2001). The " 'court's determination that a defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney.' " *Id.,* quoting *State v. Williams,* 8th Dist. No. 77437 (Nov. 22, 2000). Further, "[t]here is a presumption * * * that the defense counsel did inform the defendant of the nature of the charges." *State v. Philpott,* 8th Dist. No. 74392 (Dec. 14, 2000) (trial

court not required to inform defendant of each element of the crime; defendant failed to reference any section of the transcript indicating he did not understand or was confused about any of the elements of the charges, "[n]or did his attorney express any concern regarding his understanding of the consequences of his plea and the nature of the offense").

{¶ 13} In the present case, during the colloquy between appellant and the trial court, appellant responded affirmatively when the court asked whether he had reviewed the nature of the charge with his attorney, and whether he understood the charge. In general, when a "defendant 'indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him.' " *State v. Martin,* 8th Dist. No. 92600, 2010-Ohio-244, ¶ 13, quoting *State v. Wangul,* 8th Dist. No. 84698, 2005-Ohio-1175, ¶ 10.

{¶ 14} Appellant also acknowledged that he reviewed the entry of guilty plea form with his attorney, and indicated he was satisfied with his counsel's representation. In *State v. Thomas,* 10th Dist. No. 04AP-866, 2005-Ohio-2389, this court addressed an appellant's claim that the trial court failed to determine he understood the nature of the charge to which he entered a guilty plea, including the appellant's argument that the court did not discuss the elements of the charge. Based upon consideration of the totality of the circumstances, this court found that the appellant understood the nature of the charge, noting in part that "[t]he entry of guilty plea form that appellant signed identified the charge and stated that he reviewed the facts and law of his case with counsel," and that the appellant "was present at his plea hearing when the prosecuting attorney recited the facts of the case to the trial court" and "did not voice any objection to those facts or raise any concerns about the nature of the charge." *Id.* at ¶ 12.

{¶ 15} Similarly, in the instant case, appellant's entry of guilty plea identified the charge and stated appellant had "reviewed the facts and law of my case with my counsel"; further, appellant's counsel did not object to the recitation of facts nor express concern about his client's understanding of the charge. Here, nothing in the record indicates appellant did not understand the charge to which he entered a guilty plea. Based upon this court's review, the totality of the circumstances indicates that appellant understood

the nature of the charge against him, and we find that the trial court substantially complied with Crim.R. 11(C)(2). *See State v. Bailey,* 11th Dist. No. 2006-G-2734, 2007-Ohio-6160, ¶ 22 (while trial judge "did not set forth the elements * * * of [OVI] or ask Bailey if he understood the charge * * * there are sufficient surrounding circumstances to warrant the conclusion that Bailey, in fact, understood the charge," including the fact he told the court he had spoken with defense counsel prior to changing his plea, and that he understood he would be pleading to a fourth-degree OVI).

{¶ 16} Accordingly, appellant's first assignment of error is not well-taken and is overruled.

{¶ 17} Under his second assignment of error, appellant argues his trial counsel was ineffective for failing to recognize obvious defects in the indictment. Appellant further contends that the trial court's failure to recognize these defects constituted plain error.

{¶ 18} In order to prevail on a claim of ineffective assistance of counsel with respect to the entry of a guilty plea, a defendant must meet the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Xie,* 62 Ohio St.3d 521, 524 (1992). Specifically, the defendant must first " 'show that counsel's performance was deficient,' " *id.*, quoting *Strickland* at 687, and "[s]econd, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.' " *Id.*, quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

{¶ 19} Appellant notes the indictment at issue states that he had previously been convicted of or pleaded guilty to a violation of R.C. 4511.19 and includes a listing of those prior convictions. Appellant contends, however, that the indictment did not include mandatory language for a test refusal or high test as required under several provisions of R.C. 4511.19(A). According to appellant, it would be impossible for a defendant to have notice as to whether his felony OVI involved a high test or a test refusal under the circumstances.

{¶ 20} In response, the state argues that appellant could have been charged under R.C. 4511.19(A)(2)(b)[1] based on the recitation of facts; however, the state maintains, the

---

[1] R.C. 4511.19(A)(2) "prohibits a person who has been convicted of a prior OVI offense in the previous 20 years from (1) operating a motor vehicle under the influence of alcohol and (2) refusing to submit to a chemical test after being asked to do so by a law enforcement officer." *State v. Turner,* 11th Dist. No. 2007-P-0090, 2008-Ohio-3898, ¶ 41.

language found in appellant's indictment alleges a violation of R.C. 4511.19(A)(1)(a), and the trial court properly sentenced him under R.C. 4511.19(G)(1)(d).  We agree.

{¶ 21} R.C. 4511.19(A)(1) states in part: "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:  (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."  R.C. 4511.19(G)(1)(d) states in part: "[A]n offender who, within six years of the offense, previously has been convicted of * * * three or four violations of division (A) or (B) of this section or other equivalent offenses * * * is guilty of a felony of the fourth degree."  R.C. 4511.19(G)(1)(d)(i) further provides, in relevant part:

> The court shall sentence the offender to all of the following:
>
> If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, * * * in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type. * * * If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

{¶ 22} In the instant case, the indictment alleged in part that appellant "did operate a vehicle * * * while * * * under the influence of alcohol * * * and within six (6) years of the instant offense * * * was previously convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Ohio Revised Code."  Here, the indictment alleged a violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree, and the trial court sentenced him to a prison term of 24 months, which was within the

statutory range of sentencing under R.C. 4511.19(G)(1)(d)(1). Based upon the record presented, appellant has shown neither that his counsel rendered ineffective assistance nor that the trial court committed plain error with respect to the indictment. Appellant's second assignment of error is overruled.

{¶ 23} Based upon the foregoing, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

_____