[Cite as *State v. Akhmedov*, 2019-Ohio-3586.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28185 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-1465 |
| | : | |
| MAVLYUD AKHMEDOV | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of September, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOHN W. HERR, Atty. Reg. No. 0032207, 400 South Main Street, Middletown, Ohio 45044
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Mavlyud Akhmedov, appeals from his conviction in the Montgomery County Court of Common Pleas after he pled guilty to one count of escape. In support of his appeal, Akhmedov contends that the trial court erred in accepting his guilty plea because it was preceded by a "patently flawed indictment process." Akhmedov also challenges the sufficiency of his guilty plea on grounds that the trial court failed to ensure that he understood the nature of the charge to which he pled guilty. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In Montgomery C.P. No. 2017-CR-3577, Akhmedov pled no contest to one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B)/(C)(5). After accepting Akhmedov's no contest plea and finding him guilty of the failure to comply charge, the trial court sentenced Akhmedov to community control sanctions. As part of his community control sanctions, the trial court ordered Akhmedov to attend and complete drug intervention at the Secured Transitional Offender Program ("STOP"), which is a residential rehabilitation facility for offenders.

{¶ 3} On March 30, 2018, the trial court issued an entry indicating that the Montgomery County Adult Probation Department had screened and approved Akhmedov for STOP. The entry further indicated that Akhmedov would begin his confinement at STOP on April 6, 2018, and remain at the facility for 90 days until July 5, 2018.

{¶ 4} On June 6, 2018, the Montgomery County Grand Jury returned an indictment charging Akhmedov with one count of escape in violation of R.C. 2921.34(A)(1). The

escape charge was brought under Montgomery C.P. No. 2018-CR-1465. The charge arose after Akhmedov escaped from his confinement at STOP. Specifically, the indictment alleged that Akhmedov, while "knowing that he was under detention or being reckless in that regard, did purposely break or attempt to break such detention, or purposely fail to return to detention, while being detained for the charge of failure to comply[.]"

{¶ 5} On September 26, 2018, Akhmedov pled guilty to the escape charge as part of a negotiated plea agreement. The agreement required Akhmedov to plead guilty to escape and to withdraw all of his motions in three pending felony revocation proceedings. In exchange, the State agreed to jointly recommend a three-year prison term. The parties also agreed that the three-year prison term would be served consecutively to an 18-month prison term that Akhmedov received for aggravated possession of drugs in Montgomery C.P. No. 2018-CR-2127. The State further agreed to terminate Akhmedov's three pending revocation cases as unsuccessful. After accepting Akhmedov's guilty plea, the trial court sentenced Akhmedov to the prison term that was agreed upon by the parties.

{¶ 6} Akhmedov now appeals from his escape conviction, raising a single assignment of error for review.


**Assignment of Error**

{¶ 7} Under his sole assignment of error, Akhmedov contends that the trial court erred in accepting his guilty plea to escape because his plea was preceded by a "patently flawed indictment process." Because of the allegedly flawed indictment, Akhmedov

believes that his guilty plea and conviction should be vacated. Although Akhmedov stated in his reply brief that he was not challenging the knowing, intelligent, and voluntary nature of his guilty plea under Crim.R. 11(C), as part of his appellate brief, Akhmedov made certain arguments indicating that the trial court failed to ensure that he understood the nature of the escape charge to which he pled guilty. Accordingly, in the interest of justice, we will also review that issue as part of this appeal.

{¶ 8} Akhmedov first contends that the trial court erred in accepting his guilty plea to escape due to an allegedly flawed indictment process. As noted above, the indictment at issue charged Akhmedov with escape in violation of R.C. 2921.34(A)(1). That statute provides:

> No person, knowing the person is under *detention*, other than supervised release detention, or being reckless in that regard, shall purposely break or attempt to break the *detention*, or purposely fail to return to *detention*, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

(Emphasis added.) R.C. 2921.34(A)(1).

{¶ 9} Akhmedov argues that his indictment was flawed because he was never under "detention" as that term is defined in Chapter 2921 of the Revised Code. In support of this claim, Akhmedov contends that his court-ordered confinement at STOP was not a form of "detention," but rather an "alternative residential facility" as defined in R.C. 2929.01(A). According to Akhmedov, the definition of "alternative residential facility" is inconsistent with being under "detention." Akhmedov therefore claims that since he was not under "detention," it was impossible for him to have committed escape

in violation of R.C. 2921.34(A)(1), making his indictment improper. Because his indictment was improper, Akhmedov contends that, pursuant to Crim.R. 52(B), the trial court committed plain error when it accepted his guilty plea, as Akhmedov claims the trial court should have noticed that he was not under "detention."

{¶ 10} Given that Akhmedov pled guilty to escape, his argument concerning the indictment process has been waived for appeal. It is well established that "a guilty plea acts as a waiver and cannot form the basis of any claimed error under Crim.R. 52(B)." *State v. Portis*, 2d Dist. Clark No. 2008 CA 62, 2009-Ohio-3770, ¶ 5, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23. "A defendant who pleads guilty is limited on appeal to challenging the knowing, voluntary, and intelligent nature of the plea." *Id.,* citing *State v. Easter*, 2d Dist. Montgomery No. 22487, 2008-Ohio-6038, ¶ 27 and *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78. Moreover, this court has consistently held that "a defendant waives any deficiency in the indictment by failing to object to the indictment and pleading guilty to the offense." *State v. Edwards*, 2d Dist. Montgomery No. 22648, 2009-Ohio-1408, ¶ 34, citing *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 73. *Accord Portis* at ¶ 4; *Easter* at ¶ 27.

{¶ 11} In *Barton*, the Supreme Court of Ohio rejected an argument that is similar to the one advanced by Akhmedov herein. The defendant in *Barton* argued that the grand jury failed to properly indict him for having a weapon while under a disability. The Supreme Court, however, rejected the argument on grounds that the defendant's guilty plea waived his right to contest the defective indictment on appeal. *Barton* at ¶ 69-74. Therefore, like *Barton*, Akhmedov's guilty plea to escape waived his right to contest the

allegedly improper indictment.

{¶ 12} That said, because the basis of Akhmedov's argument is akin to a sufficiency of the evidence claim, we note that a guilty plea also "waives a defendant's right to challenge sufficiency or manifest weight of the evidence, as a guilty plea is a complete admission of guilt." *State v. Dalton*, 2d Dist. Montgomery No. 24953, 2012-Ohio-3386, ¶ 7, citing Crim.R. 11(B)(1). (Other citations omitted.) That is to say, "[a] guilty plea 'provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction.' " *State v. Withrow*, 2d Dist. Clark No. 2015-Ohio-CA-24, 2016-Ohio-2884, ¶ 47, quoting *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16. Therefore, by pleading guilty to escape, Akhmedov admitted to purposely breaking or attempting to break detention while knowing he was under detention. Akhmedov cannot now challenge that admission on appeal. *See id.*

{¶ 13} Additionally, although Akhmedov asserted in his reply brief that he was not challenging the knowing, intelligent, and voluntary nature of his guilty plea under Crim.R. 11(C), Akhmedov nevertheless argued that the trial court failed to comply with its obligation to ensure that he understood the nature of the escape charge. Specifically, Akhmedov claims the trial court did not sufficiently explain the "detention" element of escape at the plea hearing. We disagree.

{¶ 14} Crim.R. 11(C)(2)(a) provides that in felony cases, a court shall not accept a plea of guilty or no contest without first addressing the defendant personally and determining that he is making the plea voluntarily, *with an understanding of the nature of the charge* and of the maximum penalty involved, and if applicable, that he is not eligible for probation. It is well established that the trial court need only substantially comply with

these requirements. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero* at 108.

{¶ 15} This court has noted that a common method used by trial courts to determine that a defendant understands the nature of the charges against him "is to read (or to have the prosecutor read) the indictment (which contains the elements of the offense) into the record at the plea hearing and to specifically ask the defendant if he understands the charges." (Citations omitted.) *State v. Cookson*, 2d Dist. Montgomery No. 13368, 1993 WL 189921, *4 (June 1, 1993). "In general, when a 'defendant "indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him." ' " *State v. Robinette*, 10th Dist. Franklin No. 15AP-255, 2015-Ohio-4869, ¶ 13, quoting *State v. Martin*, 8th Dist. Cuyahoga No. 92600, 2010-Ohio-244, ¶ 13, quoting *State v. Wangul*, 8th Dist. Cuyahoga No. 84698, 2005-Ohio-1175, ¶ 10.

{¶ 16} However, "it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." *State v. Ferrell*, 2d Dist. Clark No. 97 CA 114, 1998 WL 735920, *3 (Oct. 23, 1998), quoting *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1982). *Accord State*

*v. Reeves*, 2d Dist. Greene No. 2002-CA-9, 2002-Ohio-4810, ¶ 19; *State v. Peyton*, 2d Dist. Greene No. 2016-CA-41, 2017-Ohio-8253, ¶ 10.

{¶ 17} Contrary to Akhmedov's claim otherwise, " '[t]he courts of this state have generally held that a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a).' " *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-6167, 810 N.E.2d 927, ¶ 57, quoting *State v. Swift*, 86 Ohio App.3d 407, 621 N.E.2d 513 (11th Dist.1993). (Other citation omitted.) "Moreover, the Constitution does not require that a trial court explain the elements of the charge, at least where the record contains a representation by defense counsel that the nature of the offense has been explained to the accused." *Id.*, citing *Henderson v. Morgan*, 426 U.S. 637, 647, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) and 5 LaFave, Israel & King, *Criminal Procedure* (2d Ed.1999) 164, Section 21.4(c). *Accord State v. Parham*, 8th Dist. Cuyahoga No. 105983, 2018-Ohio-1631, ¶ 19 (holding "the trial court had no obligation to explain the substantive elements of the charges in detail and further inquiry was not required to ensure that [defendant] understood the felonious assault offense").

{¶ 18} We note that this case is distinguishable from the situation in *State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502 (2d Dist.), where the defendant, when asked if he understood the facts to which he pled guilty at the plea hearing, made certain comments to the trial court that should have been "a red flag to the trial court that further inquiry was necessary to ensure that [the defendant] understood the * * * elements of the offense and that he was admitting to these elements of the offense." *Id.* at ¶ 28. In this case, Akhmedov made no comments at the plea hearing that should have caused the trial court to further inquire about his understanding of the

escape charge or its elements. There is absolutely nothing in the record indicating that Akhmedov was confused about the nature of the escape charge when he entered his guilty plea.

**{¶ 19}** At the plea hearing, the State read the escape charge on the record as it appeared in the indictment. During the reading, Akhmedov was informed of all the elements of escape, including the "detention" element. Plea Hearing Trans. (Sept. 26, 2018), p. 12. Following the reading of the elements, Akhmedov indicated on the record that he understood the escape charge and admitted that the facts related to the charge were true. *Id.* at 13. Akhmedov then specifically advised the trial court that he had the opportunity to speak with his attorney about the charge and about what the State would have to prove in order for him to be found guilty. *Id.* at 13-14. Therefore, based on the record, Akhmedov's claim that he did not understand the nature of the escape charge to which he pled guilty lacks merit.

**{¶ 20}** Akhmedov's sole assignment of error is overruled.

## Conclusion

**{¶ 21}** Having overruled Akhmedov's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Jans
John W. Herr
Hon. Mary Lynn Wiseman