[Cite as *State v. Bryant*, 2017-Ohio-5490.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-23 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-567 |
| | : | |
| RICHARD T. BRYANT, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of June, 2017.

. . . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

MARK BAMBERGER, Atty. Reg. No. 0082053, P.O. Box 189, Spring Valley, Ohio 45370
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Richard T. Bryant, Jr., appeals from his conviction and sentence on one count of Arson. Bryant contends that (1) the trial court erred in allowing the testimony of a witness without the State first proffering that witness

as an expert, (2) the trial court erred in not changing venue and not interviewing jurors about their potential exposure to news stories about Bryant, and (3) his trial counsel provided ineffective assistance by failing to request a competency hearing. For the reasons outlined below, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 2} In the early morning of December 12, 2015, the detached garage owned by Bryant's uncle, located on Boal Avenue in Piqua, was set on fire. The Piqua Fire Department and Piqua Police Department were dispatched to the scene of the fire. Fire Investigator Cleadous Hawk, II of the Piqua Fire Department, was one of the firefighters who helped extinguish the fire. After the fire was extinguished, Hawk began the investigation into what caused the fire. A neighbor of Bryant's uncle gave a description to the police of an individual who was by the garage when the fire started. Based on this description, Bryant became a suspect. Ultimately, Bryant was interviewed by Piqua Police Officers regarding the fire and where he was when the fire started.

{¶ 3} On February 17, 2016, the Miami County Grand Jury indicted Bryant on one count of Arson, a felony of the fourth degree, in violation of R.C. 2909.03(A)(1). Dkt. 2. Following a two-day trial, the jury returned a verdict of guilty as charged. Dkt. 20. On November 1, 2016, the trial court sentenced Bryant to seventeen months in prison. Dkt. 24. Bryant appeals from his conviction and sentence.

## II. The Trial Court Did Not Commit Plain Error By Allowing The Testimony of Investigator Hawk

{¶ 4} Bryant's First Assignment of Error states:

THE TRIAL COURT ERRED IN ALLOWING THE TESTIMONY OF

A WITNESS WHO WAS NOT FULLY KNOWLEDGEABLE OF THE SUBJECT, THUS VIOLATING THE DEFENDANT-APPELLANT'S SIXTH AMENDMENT RIGHT TO "FACE YOUR ACCUSER."

**{¶ 5}** Bryant contends in this assignment of error that the State's failure to proffer Hawk as an expert witness violated Bryant's Sixth Amendment right to face his accuser. Hawk was one of the firefighters dispatched to the fire on Boal Avenue in Piqua on the early morning of December 12, 2015   He investigated the potential causes of the fire and sent material to the State Fire Marshall's Lab for further investigation.   According to Bryant, "[w]ithout formal certification to the jury that Mr. Hawk was an expert, his testimony should have been either excluded by the court or else phrased as opinion from a non-expert."   Brief, p. 9.

**{¶ 6}** Bryant did not object at trial to the testimony of Hawk.   As a result, Bryant has waived all but plain error.   *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 175; *State v. Ballew*, 76 Ohio St.3d 244, 254, 667 N.E.2d 369 (1996).   The plain error rule is to be invoked only under exceptional circumstances in order to avoid a manifest miscarriage of justice.   *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978).   Plain error does not occur unless, but for the error, the outcome of the trial clearly would have been different.   *Id.* at 97; Crim.R. 52(B).

**{¶ 7}** Bryant states that "Hawk testified as to the findings at the site and the potential tie between that evidence, the proof that the subject fire had been deliberately set, and that the evidence was tied circumstantially to [Bryant]."   Brief, p. 9.   Hawk's testimony regarding the items he collected at the fire site did not require expert testimony. Moreover, Bryant has failed to show that Hawk's qualifications and experience did not

qualify him as an expert or that without Hawk's testimony regarding the cause of the fire, the outcome of the trial clearly would have been different. We conclude that Bryant has failed to establish plain error. Accordingly, Bryant's First Assignment of Error is overruled.

### III. Bryant Has Failed To Show He Was Denied His Sixth Amendment Right To A Trial By An Impartial Jury

{¶ 8} Bryant's Second Assignment of Error states:

THE DEFENDANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO AN OBJECTIVE TRIAL BEFORE A JURY OF HIS PEERS.

{¶ 9} Although Bryant notes in the statement of the case portion of his appellate brief that he is African-American and there was no African-American on his jury, he does not raise this point in his assignment of error. Rather, Bryant contends at page 11 of his Appellate Brief:

In the case at bar, there appears to have been 6th and 14th Amendment concerns, along with inadequacies tied to O.R.C. §2901.12(K) and Ohio Crim. Pro R. 18(B), in that a change of venue was not only appropriate, but was mandated to protect the Defendant-Appellant's 6th and 14th Amendment rights to a fair and impartial jury. There was further the issue that, with this case having been so highlighted in the media and the court not interviewing the jurors as to their exposure to that information, there was the possibility that other things pertaining to the Defendant-Appellant's past that were outside the case at hand could have (again) been discovered as well and played a factor in the decision rendered in the trial

as well.

{¶ 10} Bryant appears to be contending that he was entitled to a change of venue based on pervasive pretrial publicity. But Bryant waived this issue by failing to request a change of venue with the trial court. *State v. Campbell*, 90 Ohio St.3d 320, 336, 738 N.E.2d 1178 (2000); *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 48.

{¶ 11} Further, Bryant states that "there was the possibility that other things pertaining to the Defendant-Appellant's past that were outside the case at hand could have (again) been discovered as well and played a factor in the decision rendered in the trial as well." Bryant Appellate Brief, p. 11. Bryant noted that "[s]uch 'outside information' included the understanding that some of the jurors had direct familiarity with the Defendant-Appellant and/or his family. This was apparently not done." *Id.* at fn. 3.

{¶ 12} During the voir dire of the jury, the trial court asked if any members of the jury pool had heard or remembered anything about the case and whether any members had formed or expressed an opinion as to the guilt or innocence of Bryant. Transcript from Day 1 of Trial, p. 10. The trial court also inquired as to whether any of the potential jurors knew or were related to any of the parties or people associated with the case. *Id.* at 12. Following additional questions from the trial court, counsel for the parties were given an opportunity to question the members of the jury pool. Contrary to Bryant's contention, the trial court did attempt to limit any possibility that jury members were exposed to any information about Bryant or his alleged actions prior to the trial.

{¶ 13} Based on our review of the record, we conclude that Bryant has failed to show that there was any violation of his right to a trial by an impartial jury. Accordingly,

Bryant's Second Assignment of Error is overruled.

### IV. Trial Counsel Did Not Provide Ineffective Assistance By Failing to Request A Competency Hearing For Bryant

{¶ 14} Bryant's Third Assignment of Error states:

THE TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BASED ON THE EVENTS OF THE TRIAL.

{¶ 15} In order to succeed on an ineffective assistance claim, Bryant must show that his trial counsel rendered deficient performance and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish deficient performance, Bryant must prove that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688; *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 16} To show prejudice, defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688, 694; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 17} Bryant contends that his trial counsel provided ineffective assistance by failing to raise the issue of Bryant's competency prior to the trial. According to Bryant, it should have been clear to trial counsel that Bryant "was a slow learner and probably had a mental deficiency." Bryant Appellate Brief, p. 12. Further, Bryant contends that "there were numerous indications in the record that, due to the Defendant-Appellant's demonstrated confusion through the process and ability to articulate his feeling desires, there may have been a competence issue." *Id.* at 13. Bryant also contends that his trial counsel provided ineffective assistance by persuading Bryant to not testify in his defense contrary to Bryant's wishes. According to Bryant, "had [he] been allowed to testify, it would have been immediately apparent that he is of reduced mental capacity and understanding. That might have helped in this matter." *Id.*

{¶ 18} R.C. 2945.37 states that a criminal defendant is presumed competent to stand trial unless it is established that he is unable to understand the nature of the proceedings and cannot assist in his defense. *State v. Swift*, 86 Ohio App.3d 407, 411, 621 N.E.2d 513 (11th Dist. 1993). "The right to a competency hearing rises to the level of a constitutional guarantee where the record contains sufficient 'indicia of incompetence' to necessitate inquiry to ensure the defendant's right to a fair trial." *State v. Ford*, 8th Dist. Cuyahoga No. 84138, 2004-Ohio-5610, ¶ 24, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995).

{¶ 19} In support of his assertion that there were numerous indications in the record that there may have been a competency issue, Bryant cites pages 2-4 and 12-15 of the transcript of the sentencing hearing. But those pages do not show indicia of incompetence. Rather, they show indicia of a person who continues to argue his

innocence after a jury found him guilty. Beyond appellate counsel's assertion that there was an issue regarding Bryant's competency, the record does not contain sufficient "indicia of incompetence" to require a competency hearing. *Ford*.

{¶ 20} Based on our review of the entire record, we cannot conclude that Bryant's trial counsel erred by not requesting a competency hearing or that if a competency hearing had been requested, there is a reasonable probability that the result of the trial would have been different. Furthermore, trial counsel's advice to Bryant that he should not testify falls within the confines of trial strategy. *Strickland* at 689. Accordingly, Bryant's Third Assignment of Error is overruled.

## V. Conclusion

{¶ 21} All of Bryant's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Janna L. Parker
Mark Bamberger
Hon. Christopher Gee